| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

In Re: DAPHNE L. SILVERMAN § § § § § CASE NO. 4:19-MC-5

## MEMORANDUM AND ORDER

Before the court is the matter of Attorney Daphne L. Silverman's ("Mrs. Silverman") privilege to practice law in the Eastern District of Texas. On January 14, 2019, it was brought to the court's attention that, on May 18, 2016, Mrs. Silverman's right to practice law before the Western District of Pennsylvania was revoked.[1] On January 16, 2019, this court issued an order directing her to show cause as to why the identical discipline should not be imposed in this district pursuant to Local Rule AT-2(b)(2). On February 11, 2019, Mrs. Silverman, through counsel Edwin Gerald Morris, filed a written response. On February 15, 2019, the court held a hearing, asked questions, received information, and heard arguments presented by counsel.[2] Mrs. Silverman submitted additional briefing on February 22 and 25, 2019. Having considered the record of the proceedings in the Western District of Pennsylvania, Mrs. Silverman's written responses, the information gathered at the hearing, the argument presented by counsel, and the applicable law, the court is of the opinion that the imposition of identical discipline is not warranted.

---

[1] Mrs. Silverman, along with her husband, Norman Silverman ("Mr. Silverman"), was admitted to the Western District of Pennsylvania *pro hac vice* to represent Defendant Mayank Mishra ("Mishra") in case number 2:12-cr-00092-C, *United States v. Richard Bush and Mayank Mishra*.

[2] Mrs. Silverman invoked her Fifth Amendment privilege against self-incrimination at the hearing, and no testimony was taken under oath from any participant.

I.      Background

On December 6, 2013, Mrs. Silverman filed a motion for leave to appear *pro hac vice* in Case Number 2:12-cr-00092-C, *United States v. Mishra*, in the Western District of Pennsylvania. On March 12, 2014, the court granted Mrs. Silverman's motion. On December 2, 2015, a jury trial began before the Honorable Cathy Bissoon ("Judge Bissoon"). Over the course of the two-week trial, Mr. Silverman accumulated $4,300.00 in sanctions as a result of his misconduct. Mrs. Silverman was also sanctioned $1,000.00 by Judge Bissoon for violating the court's pre-trial evidentiary rulings. The facts and circumstances surrounding Mr. Silverman's repeated episodes of unprofessional conduct are fully set forth in this court's Memorandum and Order Suspending Attorney Norman Silverman. *See In re: Norman Silverman*, Case Number 4:19-MC-4 (Doc. No. 18).

Unlike Mr. Silverman's misconduct, which was blatant and recurrent, Mrs. Silverman was sanctioned for asking one question that she contends was asked in good faith because the Government had opened the door to that line of questioning. Mrs. Silverman, however, accepted responsibility for her husband's transgressions, advising the Pennsylvania court that "most of [Mr. Silverman's] questions have been carefully researched and culled together, and that would be something that I have done wrong as well by sitting here and joining in that part of the defense." Thus, while the proof of her misconduct is not so clearly lacking that this court cannot accept the final conclusion of the Pennsylvania court to impose discipline, Mrs. Silverman's unprofessional behavior was nowhere near as flagrant or vexatious as her husband's.

On February 9, 2016, Judge Bissoon issued a written order summarizing her oral orders, finding Mrs. Silverman in contempt of court and sanctioning her $1,000.00. In addition to

recounting Mrs. Silverman's actions, the written order provides legal authority to support Judge Bissoon's decision to find Mrs. Silverman in contempt of court as a result of her conduct during the trial. On March 15, 2016, after it became apparent that Mrs. Silverman would not pay the sanction, the Government filed a motion requesting that the court issue an Order to Show Cause why Mrs. Silverman's *pro hac vice* status should not be revoked for her failure to comply with the court's contempt order. On March 16, 2016, Judge Bissoon ordered Mrs. Silverman to respond to the Government's motion on or before March 25, 2016. On March 16, 2016, Mrs. Silverman filed a motion seeking additional time to file a response to the Government's motion. The court granted Mrs. Silverman's request and extended the deadline for responding to April 25, 2016. On April 21, 2016, attorney Joseph V. Charlton ("Charlton") filed a notice of appearance stating that he would be representing Mrs. Silverman. The same day, Charlton requested a second extension of the deadline to file a response to the Government's Motion. The court extended the deadline by one week. On May 2, 2016, Charlton filed Mrs. Silverman's responses. The gravamen of her responses is that the court's summary disposition finding Mrs. Silverman in criminal contempt denied her due process and failed to comply with Federal Rule of Criminal Procedure 42(b) and, therefore, should be vacated. Mrs. Silverman did not brief the merits of the issue of whether her *pro hac vice* status should be revoked. Mrs. Silverman, however, presented documents showing that she attempted to pay the sanction before May 2, 2016, but inadvertently named the wrong entity as payee, which caused the clerk of the court to reject the payment.[3]

---

[3] Mrs. Silverman filed two responses. The first response sought to vacate the contempt order. The second response argued that because the contempt order was invalid the revocation of her *pro hac vice* status was moot. Mrs. Silverman did not inform the court of this attempted payment in either of her responses.

On May 18, 2016, Judge Bissoon issued an order revoking Mrs. Silverman's *pro hac vice* admission pursuant to the court's inherent authority. The court rejected Mrs. Silverman's request to vacate its contempt order on the grounds that she failed to appeal the order in a timely manner and, therefore, the court lacked jurisdiction to vacate the order. Mrs. Silverman did not appeal any of the Western District of Pennsylvania orders. At no point did Mrs. Silverman advise the Clerk of the Court for the Eastern District of Texas of this discipline as required by Local Rule AT-2(b)(3).

II.  Analysis

Local Rule AT-2(b)(1) provides:

> Except as otherwise provided in this subsection, a member of the bar of this court shall automatically lose his or her membership if he or she loses, either temporarily or permanently, the right to practice law before any state or federal court for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem.

The procedures for instituting reciprocal discipline are set forth in Local Rule AT-2(b)(2). Rule AT-2(b)(2) mandates that once a court is informed of discipline in another court, it must issue an order directing the attorney to show cause within 30 days why the imposition of identical discipline should not be imposed in this district. Rule AT-2(b)(2) also sets forth the following five defenses an attorney may raise in response to a show cause order:

> that the procedure followed in the other jurisdiction deprived the attorney of due process; that the proof was so clearly lacking that the court determines it cannot accept the final conclusion of the other jurisdiction; that the imposition of the identical discipline would result in a grave injustice; that the misconduct established by the other jurisdiction warrants substantially different discipline in this court; that the misconduct for which the attorney was disciplined in the other jurisdiction does not constitute professional misconduct in this State or in this court.

Local Rule AT-2(b)(2). "If the attorney fails to establish one or more of the [five defenses,] the court *shall* enter the identical discipline to the extent practicable." Local Rule AT-2(b)(2).

Mr. and Mrs. Silverman have been retained by and are currently representing Defendant James Morris Balagia ("Balagia") in Case Number 4:16-cr-176-3, *United States v. James Morris Balagia*, in the Sherman Division of the Eastern District of Texas. Mrs. Silverman contends that the imposition of reciprocal discipline in the Eastern District of Texas would serve as a grave injustice to her client, Balagia. Mrs. Silverman maintains that this court's duty to regulate the conduct of attorneys who practice before it is outweighed by Balagia's right to counsel of his choosing.

"[T]he Sixth Amendment requires the courts to respect a defendant's own particular choice of counsel." *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976), *cert. denied*, 429 U.S. 1104 (1977). This right, however, is not absolute. *See United States v. Nolen*, 472 F.3d 362, 375 (5th Cir. 2006); *United States v. Salinas*, 618 F.2d 1092, 1093 (5th Cir.), *cert. denied*, 449 U.S. 961 (1980); *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir.), *cert. denied*, 444 U.S. 843 (1979); *Dinitz*, 538 F.2d at 1219. Indeed, this "right is specifically limited by the trial court's power and responsibility to regulate the conduct of attorneys who practice before it." *Kitchin*, 592 F.2d at 903. To this end, the court's duty to ensure the orderly administration of justice by regulating the conduct of attorneys must be balanced against a defendant's Sixth Amendment right to his choice of counsel as "a prerequisite to disqualifying counsel of the defendant's choice." *Nolen*, 472 F.3d at 375. Nevertheless, "the Sixth Amendment's right to choice of counsel merely informs judicial discretion[,] it does not displace it." *Dinitz*, 538 F.2d at 1219.

Here, the court has reviewed the transcript of the proceedings and the written submissions in the Western District of Pennsylvania. The court has also considered the following: Mrs. Silverman's written responses to the show cause order; the attached letters of support; the arguments of counsel; the statements made by Balagia concerning the quality of the Silvermans' representation; Mrs. Silverman's attempt to pay the Western District of Pennsylvania sanction before the revocation of her *pro hac vice* status; and Mrs. Silverman's "Statement" attached to her Supplemental Response (#14-1).[4] At this time, the court is unable to conclude that the likelihood that Mrs. Silverman will engage in conduct which would hamper the orderly administration of justice is so high that it outweighs Balagia's Sixth Amendment right to counsel of choice. Unlike her husband, Mrs. Silverman conducted herself professionally during the show cause hearing and provided candid information regarding the condition of her health. In fact, it appears that Mrs. Silverman has already taken on the role of lead counsel for Balagia, filing numerous pre-trial motions and arguing them before the magistrate judge. Moreover, according to her Statement, she has reviewed all the discovery in the case; researched and interviewed expert witnesses; filed FOIA requests and subpoenas; hired investigators in Colombia, Florida, Louisiana, and Texas; interviewed witnesses in person; drafted discovery, *James*, and other defense motions; and communicated with the Government regarding discovery. Therefore, the imposition of identical discipline by the Eastern District of Texas on Mrs. Silverman would result in a grave injustice under the circumstances.

---

[4] The court has not considered the accusations of misconduct raised by attorney Rafael De La Garza in his Motion for Miscellaneous Relief filed in the Balagia case. (Doc. No. 254). Given the limited scope of the instant proceeding, those allegations are best left for the presiding judge, Amos Mazzant.

III.Conclusion

Consistent with the foregoing analysis, it is ORDERED that the court's January 16, 2019, Order to Show Cause (#1) is DISMISSED. All pending motions are DENIED as moot. A copy of this order shall be forwarded to the Chief Judge for the Eastern District of Texas so that he may determine whether any discipline is warranted in light of Mrs. Silverman's failure to self-report the revocation of her *pro hac vice* admission in the Western District of Pennsylvania.

SIGNED at Beaumont, Texas, this 28th day of February, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE